UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEDRICK BOWES-NORTHERN, <br><br> Plaintiff, <br><br> v. <br><br> LATESHA C. MILLER, et al., <br><br> Defendants. | No. 21 CV 6195 <br><br> Judge Manish S. Shah |

ORDER

Plaintiff's amended complaint [10] is dismissed with prejudice. Enter judgment and terminate civil case.

STATEMENT

Plaintiff Shedrick Bowes-Northern filed an amended complaint after the court dismissed his first complaint without prejudice. Because plaintiff is proceeding in forma pauperis, the court is required to review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In his amended complaint, plaintiff alleges that Latesha Miller, the mother of one of his children, repeatedly violated court orders setting the terms of plaintiff's visitation rights. Judge Frederick Bates entered the orders and has failed to hold Miller in contempt or otherwise sanction her for repeatedly blocking or interfering with plaintiff's visitation rights. Plaintiff filed many reports with the Markham Police Department, but its officers have taken no action against Miller. One officer, Officer Anderl, said that he had no reason to detain Miller. Meanwhile, the Cook County court system has not ruled on a motion that plaintiff filed in February 2021. Plaintiff also believes that the Illinois Board of Elections and the Cook County Clerk have violated plaintiff's rights by allowing Judge Bates to be sworn into office.

Plaintiff names Miller, Bates, County of Cook, Clerk of Cook County, Illinois Election Board, and the City of Markham as defendants in the caption of his amended complaint and lists Officer Anderl as a defendant (but not in the caption).

The amended complaint does not state a claim for relief against a proper defendant. As with plaintiff's original complaint, there are no allegations that the Clerk of Cook County has any personal involvement in the events alleged, and just

being a supervisor in a government office is not enough to sue an officeholder under Section 1983. *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021) (supervisor is liable only if she was personally involved in the constitutional violation). The County of Cook and City of Markham are not liable for constitutional violations unless the violation was directly caused by a policy, widespread practice or custom, or policy-making official. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff's amended complaint, like his original complaint, does not state such a claim against Markham or Cook County—all it alleges is plaintiff's individual difficulty in getting enforcement of the court order in his custody dispute, and an unreasonable delay in getting a motion heard. Plaintiff's complaint is about the handling of his individual case and the inequality in treatment he received, but there are no allegations that Markham or Cook County policy is the cause of the injuries.

The Illinois Board of Elections is an independent agency of the State of Illinois, and states are not "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). And as explained in the dismissal of plaintiff's first complaint, Judge Bates is absolutely immune from a lawsuit based on the judge's handling of a case. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Latesha Miller is a private citizen; she is not a state actor and so cannot be sued under Section 1983 unless she conspired or acted in concert with government officials to deprive plaintiff of his rights. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). But the amended complaint alleges no such conspiracy (other than in a conclusory accusation that all defendants conspired to cause plaintiff damage). Finally, Officer Anderl declined to make an arrest at plaintiff's request, but that did not violate plaintiff's civil rights—plaintiff was not entitled to any particular police response to the information he provided, much less an arrest of Miller when the officer exercised his discretion to issue her a warning or ticket instead.

The amended complaint alleges that plaintiff is being treated unfairly because of his race or gender (the system grants mothers more respect than fathers, and Black fathers get discriminated against through the court system), and invokes the Illinois Human Rights Act and Illinois Civil Rights Act of 2003 in addition to the federal constitution. But even if any of the named defendants were suable under these laws, plaintiff's general and conclusory allegation of a system stacked against him is not enough to state a claim because there are no plausible allegations that race or gender motivated the specific decisions at issue.

For these reasons, the complaint does not state a claim against any of the defendants. When it dismissed plaintiff's first complaint, this court pointed out some of the same deficiencies and gave plaintiff an opportunity to fix them. Another amendment would be futile.

Finally, as with the first complaint, the amended complaint relates to ongoing child-custody litigation pending in the state courts. "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Although

one of his motion hearings has been delayed, plaintiff alleges that he has access to the state court to assert his objections about the enforcement of his court-ordered rights. And even if Judge Bates is biased against him, plaintiff does not allege that state-court appellate tribunals are unavailable or unable to hear his claims of bias or discrimination. Under these circumstances, federal courts must abstain from interfering in child-custody proceedings. *See Milchtein v. Chisholm*, 880 F.3d 895, 898–99 (7th Cir. 2018) (federal courts are supposed to leave child-custody disputes to the states). Plaintiff should pursue his available remedies in the state-court system.

ENTER:

Date: December 6, 2021

_____
Manish S. Shah
U.S. District Judge